IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SUN YUN, QU YI, MA JINGHUI, and GAO HUAIZHEN,<br><br>PLAINTIFFS,<br><br>Versus<br><br>WALL012, LLC, WALL016, LLC, WALL017, LLC, PLATINUM INVESTMENT CORPORATION, and JMJ HOLDINGS, LLC,<br><br>Defendants. | CASE NUMBER: |

## PLAINTIFFS' ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT**:

**NOW COME** Plaintiffs SUN YUN, QU YI, MA JINGHUI, and GAO HUAIZHEN, who, pursuant to FRCP 7, 8, 10, 11, and 17 files their Original Complaint against Defendants, WALL012, LLC, WALL06, LLC, WALL017, LLC, PLATINUM INVESTMENT CORPORATION, and JMJ HOLDINGS, LLC, and respectfully bring their causes of action before this Court.as follows:

### I.  INTRODUCTION

1. This is an action for monetary damages suffered by Plaintiffs as a result of Defendants' breaches of their obligations set forth in various "Agency and Loan Agreements" relating to multiple real estate development projects.

### II. JURISDICTION AND VENUE

2. This action is brought pursuant to 28 U.S.C. § 1332.  This court has jurisdiction over

Plaintiffs' claims under 28 U.S.C. § 1332(a)(2) (amount in controversy in excess of $75,000 and between citizens of a state and citizens or subjects of a foreign state).  This court further has jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(a) (supplemental jurisdiction) as those claims form part of the "same case or controversy" under Article III of the United States Constitution.

3. Venue lies in the U.S. Northern District of Texas, the district in which one or more Defendants reside, pursuant to 28 U.S.C. § 1391(b)(1).

### III. PARTIES

4.  Plaintiff SUN YUN is an individual non-resident alien who is a citizen of the People's Republic of China.

5.  Plaintiff QU YI is an individual non-resident alien who is a citizen of the People's Republic of China.

6.  Plaintiff MA JINGHUI is an individual non-resident alien who is a citizen of the People's Republic of China.

7.  Plaintiff GAO HUAIZHEN is an individual non-resident alien who is a citizen of the People's Republic of China.

8.  Defendant WALL012, LLC is a Limited Liability Company that is authorized to do and doing business in the State of Texas.  It may be served through its registered agent for service of process: TRWF Lodge, LLC, at 13901 Midway Road, Suite 102, Dallas, Texas 75244 or at McMurry & McMurry, LLP, 1800 Valley View Lane, Suite 152, Dallas, Texas 75234.

9. Defendant WALL016, LLC is a Limited Liability Company that is authorized to do and doing business in the State of Texas.  It may be served through its registered agent for

service of process: TRWF Lodge, LLC, at 13901 Midway Road, Suite 102, Dallas, Texas 75244 or at McMurry & McMurry, LLP, 1800 Valley View Lane, Suite 152, Dallas, Texas 75234.

10. Defendant WALL017, LLC is a Limited Liability Company that is authorized to do and doing business in the State of Texas. It may be served through its registered agent for service of process: TRWF Lodge, LLC, at 13901 Midway Road, Suite 102, Dallas, Texas 75244 or at McMurry & McMurry, LLP, 1800 Valley View Lane, Suite 152, Dallas, Texas 75234.

11. Defendant PLATINUM INVESTMENT CORPORATION is, upon information and belief, a foreign corporation having its principal place of business in the People's Republic of China. It is not authorized to do business in the State of Texas. It is susceptible of service through its Chief Executive Officer, Michael Fu, B4-1015 West Lake International, Hangzhou, People's Republic of China, or wherever he may be found.

12. Defendant JMJ Holdings, LLC is a Limited Liability Company that is authorized to do and doing business in the State of Texas. It may be served through its registered agent for service of process: Timothy Barton, 13901 Midway Road, Suite 102 - 243, Dallas, Texas 75244, or at 1755 Wittington Place, Suite 340, Dallas, TX 75234, or wherever he may be found.

## IV. JURY TRIAL DEMANDED

13. Plaintiffs respectfully demand a jury trial pursuant to FED. R. CIV. P. 38.

## V. FACTS

14. On or about May 22, 2018, Plaintiff GAO HUAIZHEN entered into an "Agency and Loan Agreement" with Defendants PLATINUM INVESTMENT CORPORATION, as Agent, and WALL012, LLC, as Borrower; the terms of which called for Plaintiff to invest $200,000 in a real estate development in Aledo, Texas named "Lyons Ranch Phase I."

15. The terms of the aforementioned agreement called for Plaintiff to be paid an interest payment of 8% of the amount loaned within ten business days after June 1, 2019.  The principal plus 8% interest is to be repaid within ten business days of June 1, 2020.  Unpaid amounts thereafter accrue interest at 10% per annum.

16. The payments due under the aforementioned agreement were and are to be paid to Defendant PLATINUM INVESTMENT CORPORATION as Plaintiff's agent and as the administrator of the loan on behalf of Plaintiff.

17. To date, no payments have been paid under the terms of the agreement, resulting in an act of "default" as defined in the subject agreement, entitling Plaintiff to recovery of its investment, interest, costs and attorney's fees expended in connection with recovery thereof.

18. Plaintiff's investment is subject to a corporate guarantee by Defendant JMJ Holdings, LLC up to the principal loan amount.

19. On or about September 5, 2018, Plaintiff SUN YUN entered into an "Agency and Loan Agreement" with Defendants PLATINUM INVESTMENT CORPORATION, as Agent, and WALL016, LLC, as Borrower; the terms of which called for Plaintiff to invest $100,000 in a real estate development in Aledo, Texas named "Lyons Ranch Phase II."

20. The terms of the aforementioned agreement called for Plaintiff to be paid an interest payment of 9% of the amount loaned within ten business days after October 1, 2019.  The principal plus 9% interest is to be repaid within ten business days of October 1, 2020.  Unpaid amounts thereafter accrue interest at 11% per annum.

21. The payments due under the aforementioned agreement were and are to be paid to Defendant PLATINUM INVESTMENT CORPORATION as Plaintiff's agent and as the administrator of the loan on behalf of Plaintiff.

22. To date, no payments have been paid under the terms of the agreement, resulting in an act of "default" as defined in the subject agreement, entitling Plaintiff to recovery of its investment, interest, costs and attorney's fees expended in connection with recovery thereof.

23. Plaintiff's investment is subject to a corporate guarantee by Defendant JMJ HOLDINGS, LLC up to the principal loan amount.

24. On or about October 26, 2018, Plaintiff QU YI entered into an "Agency and Loan Agreement" with Defendants PLATINUM INVESTMENT CORPORATION, as Agent, and WALL017, LLC, as Borrower; the terms of which called for Plaintiff to invest $100,000 in a real estate development in Forney, Texas named "Windmill Farms."

25. The terms of the aforementioned agreement called for Plaintiff to be paid an interest payment of 9% of the amount loaned within ten business days after November 1, 2019. The principal plus 9% interest is to be repaid within ten business days of November 1, 2020. Unpaid amounts thereafter accrue interest at 11% per annum.

26. The payments due under the aforementioned agreement were and are to be paid to Defendant PLATINUM INVESTMENT CORPORATION as Plaintiff's agent and as the administrator of the loan on behalf of Plaintiff.

27. To date, no payments have been paid under the terms of the agreement, resulting in an act of "default" as defined in the subject agreement, entitling Plaintiff to recovery of its investment, interest, costs and attorney's fees expended in connection with recovery thereof.

28. On or about October 26, 2018, Plaintiff SUN YUN entered into an "Agency and Loan Agreement" with Defendants PLATINUM INVESTMENT CORPORATION, as Agent, and WALL017, LLC, as Borrower; the terms of which called for Plaintiff to invest $100,000 in a real estate development in Forney, Texas named "Windmill Farms."

29. The terms of the aforementioned agreement called for Plaintiff to be paid an interest payment of 9% of the amount loaned within ten business days after December 1, 2019.  The principal plus 9% interest is to be repaid within ten business days of December 1, 2020.  Unpaid amounts thereafter accrue interest at 11% per annum.

30. The payments due under the aforementioned agreement were and are to be paid to Defendant PLATINUM INVESTMENT CORPORATION as Plaintiff's agent and as the administrator of the loan on behalf of Plaintiff.

31. To date, no payments have been paid under the terms of the agreement, resulting in an act of "default" as defined in the subject agreement, entitling Plaintiff to recovery of its investment, interest, costs and attorney's fees expended in connection with recovery thereof.

32. On or about October 26, 2018, Plaintiff MA JINGHUI entered into an "Agency and Loan Agreement" with Defendants PLATINUM INVESTMENT CORPORATION, as Agent, and WALL017, LLC, as Borrower; the terms of which called for Plaintiff to invest $200,000 in a real estate development in Forney, Texas named "Windmill Farms."

33. The terms of the aforementioned agreement called for Plaintiff to be paid an interest payment of 9% of the amount loaned within ten business days after November 1, 2019.  The principal plus 9% interest is to be repaid within ten business days of November 1, 2020.  Unpaid amounts thereafter accrue interest at 11% per annum.

34. The payments due under the aforementioned agreement were and are to be paid to Defendant PLATINUM INVESTMENT CORPORATION as Plaintiff's agent and as the administrator of the loan on behalf of Plaintiff.

35.  To date, no payments have been paid under the terms of the agreement, resulting in an act of "default" as defined in the subject agreement, entitling Plaintiff to recovery of its investment, interest, costs and attorney's fees expended in connection with recovery thereof.

36.  In accordance with the terms of the applicable agreements, all Plaintiffs aver amicable demand on all Defendants prior to the filing of this Complaint.

## VI. PRODUCING CAUSES

37. Plaintiffs would show that the acts, practices and/or omissions complained of herein were the producing causes of their damages more fully described herein.

## VII. PLAINTIFFS' CLAIMS

### PLAINTIFFS' FIRST CLAIM:

### BREACH OF CONTRACT BY DEFENDANTS WALL012, LLC, WALL016, LLC, WALL017, LLC, and PLATINUM INVESTMENT CORPORATION

38.  Plaintiffs incorporate by reference the allegations set forth above as if the same were fully set forth herein.

39.  The Defendants set forth above have breached the applicable agreements by failing to make the initial interest payments when due.

40.  According to the terms of the applicable agreements, said Defendants' failure to timely make the initial interest payments constitutes an "Event of Default" under the applicable agreement, entitling Plaintiffs to the recovery of their initial investments, interest due on said investments, court costs, and reasonable attorney's fees.

41.  As a result of said Defendants' defaults of their obligations under the applicable agreements, Plaintiffs have sustained damages including, but not limited to, the loss of their initial investments and the loss of the interest payments due under the applicable agreements, as

well as incurring court costs and attorney's fees they have incurred and will continue to incur as a result of filing this Complaint.

## PLAINTIFFS' SECOND CLAIM:

## BRACH OF GUARANTY BY DEFENDANT JMJ HOLDINGS, LLC

42. Plaintiffs incorporate by reference the allegations set forth above as if the same were fully set forth herein.

43. Defendant JMJ HOLDINGS, LLC obligated itself to a contractual guaranty up to the amount of Plaintiff GAO HUAIZHEN's investment with Defendant WALL012, LLC.

44. Defendant JMJ HOLDINGS, LLC obligated itself to a contractual guaranty up to the amount of Plaintiff SUN YUN's investment with Defendant WALL016, LLC.

45. According to the terms of the applicable agreements, the failure by Defendants WALL012, LLC and WALL016, LLC to timely make the initial interest payments constitutes an "Event of Default" under the applicable agreement, entitling Plaintiffs to the recovery of their initial investments, interest due on said investments, court costs, and reasonable attorney's fees.

46. As a result of said Defendants' defaults of their obligations under the applicable agreements, Plaintiffs GAO HUAIZHEN and SUN YUN have sustained damages including, but not limited to, the loss of their initial investments and the loss of the interest payments due under the applicable agreements, as well as incurring court costs and attorney's fees they have incurred and will continue to incur as a result of filing this Complaint.

47. As a result of said Defendants' defaults of their obligations under the applicable agreements, Defendant JMJ DEVELOPMENT is obligated to refund the amount of Plaintiffs GAO HUAIZHEN's and SUN YUN's initial investments.

## PLAINTIFFS' THIRD CLAIM:

### CONVERSION BY DEFENDANTS WALL012, LLC, WALL016, LLC, WALL017, LLC, and PLATINUM INVESTMENT CORPORATION

48. Plaintiffs incorporate by reference the allegations set forth above as if the same were fully set forth herein.

49. As a result of the aforesaid Defendants' use of Plaintiffs' investments without honoring their obligations set forth in the applicable agreement, said Defendants have deprived Plaintiffs of the use and possession of monies rightfully due Plaintiffs in a manner which so seriously interfered with Plaintiffs' right of control that Defendants are justly required to pay Plaintiffs the full value of such funds.

## PLAINTIFFS' FOURTH CLAIM:

### UNJUST ENRICHMENT BY DEFENDANTS WALL012, LLC, WALL016, LLC, WALL017, LLC, and PLATINUM INVESTMENT CORPORATION

50. Plaintiffs incorporate by reference the allegations set forth above as if the same were fully set forth herein.

51. As a result of the aforesaid Defendants diverting Plaintiffs' initial investments for their own use, said Defendants have deprived Plaintiffs of the use and possession of monies rightfully due Plaintiffs, causing said Defendants to be unjustly enriched to the extent of Plaintiffs' initial investments.  Therefore, Defendants are justly be required to pay Plaintiffs the full value of such funds.

## PLAINTIFF'S FIFTH CLAIM:

### AGENCY

52. Plaintiffs incorporate by reference the allegations set forth above as if the same were fully set forth herein.

53. At and during the time of the acts and/or omissions complained of herein, any acts and/or omissions committed by an agent, representative or employee of Defendants occurred within the scope of the actual or apparent authority of such person on behalf of said Defendants.

54. Defendants are therefore liable to Plaintiffs for the acts and/or omissions of any such agent, representative or employee complained of herein by virtue of such agency relationship.

## PLAINTIFFS' SIXTH CLAIM:

## RESPONDEAT SUPERIOR

55. Plaintiffs incorporate by reference the allegations set forth above as if the same were fully set forth herein.

56. At and during the time of the acts and/or omissions complained of herein, said acts and/or omissions of any employee of Defendants occurred within the scope of the general authority and for the accomplishment of the objectives for which such employee was employed.

57. Defendants are therefore liable to Plaintiffs for the acts and/or omissions of any such employee complained of herein under the doctrine of *respondeat superior*.

## VIII.  DAMAGES

58. Plaintiffs incorporate by reference the allegations set forth above as if the same were fully set forth herein.

### ECONOMIC AND ACTUAL DAMAGES SUFFERED BY ALL PLAINTIFFS

59. Plaintiffs incorporate by reference the allegations set forth above as if the same were fully set forth herein.

60. Plaintiffs sustained the following economic and actual damages as a result of the actions and/or omissions of Defendants described hereinabove:

 (a) Loss of use of the amounts of Plaintiffs' initial investments;

  (b)  Loss of interest payment amounts owed on the amounts of Plaintiffs' initial investments;

  (c) All costs of these proceedings;

  (d)  Reasonable attorney's fees provided for in the applicable agreements; and

  (d) Judicial interest as provided by law.

## IX.  PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully request that Defendants be summoned to appear and answer herein and that Plaintiffs have judgment against Defendants, jointly and severally, for actual damages above the jurisdictional minimum of the Court; pre-judgment interest; post-judgment interest, costs of court, attorneys' fees and expenses and all other relief to which Plaintiffs are justly entitled, at law or in equity.

    Respectfully submitted,

    WILLIAM A. PIGG, PLLC

    By:  /s/ William A. Pigg
    Texas Bar No. 24057009
    wapigg@pigglawfirm.com
    10455 North Central Expressway, Suite 109
    Dallas, Texas 75231
    Tel. (214) 551-9391
    Fax. (214) 602-8832
    Email:  wapigg@pigglawfirm.com
    Attorney for Plaintiffs