IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| YUN, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 3:20-CV-00371-E |
| | § | |
| WALL012 LLC, et al., | § | |
| | § | |
| Defendants. | § | |

**ORDER**

Plaintiffs' complaint (Doc. 1) appears to predicate subject matter jurisdiction upon diversity of citizenship, 28 U.S.C. § 1332, but fails to allege properly the citizenship of each defendant. Specifically, the complaint fails to allege properly the citizenship of defendants Wall012 LLC, Wall016 LLC, Wall017 LLC, and JMJ Holdings, LLC, because it does not clearly establish the citizenship of each of the LLCs' members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) ("citizenship of a LLC is determined by the citizenship of all of its members"). And, if any member of the LLC is itself an unincorporated association, such as a partnership or LLC, the Court must "know the citizenship of each 'sub-member' as well." *See V & M Star, LP v. Centimark Corp.*, 596 F.3d 354, 356 (6th Cir. 2010) (internal citation omitted).

Until plaintiffs properly allege the defendants' citizenship, the Court is not shown to have subject matter jurisdiction. *See Am. Motorists Ins. Co. v. Am. Emp'rs' Ins. Co.*, 600 F.2d 15,

16 (5th Cir. 1979) (per curiam). Accordingly, no later than fourteen days from the date of this order, plaintiff must file an amended complaint that alleges diversity of citizenship in conformity with 28 U.S.C. § 1332; otherwise, this action will be dismissed without prejudice for want of jurisdiction. *See* FED. R. CIV. P. 12(h)(3) ("If the court determines at anytime that it lacks subject-matter jurisdiction, the court must dismiss the action.").

**SO ORDERED.**

Signed March 9, 2020.

ADA BROWN
UNITED STATES DISTRICT JUDGE